MANUEL PASCUAL, Plaintiff and Appellee, v. ALEJANDRO LAMOUR RIVERA, Defendant and Appellant.

No. 7737. Argued January 16, 1939.—Decided January 24, 1939.

Alejandro Lamour Rivera, pro se and Diego O. Marrero, for Appellant. A. Rivas, for Appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The present appeals were filed in the same notice on March 4, 1938, against a judgment by default and an order refusing to open said default.

The first paper filed in this court on April 4, 1938, was a request for an extension of the term for filing the record, together with a copy of the notice of appeal. The request was granted.

At the expiration of the term its extension was sought on May 2 and granted on May 4, to expire on June 2. On June 1, another extension was again requested, and granted on June 3, to expire on July 2. On July 1, the request for another extension was repeated and the extension was granted to August 1, the appellant being warned that no new extensions would be granted unless upon really meritorious grounds.

A new extension was again sought on December 8, and notice thereof was ordered to be served on the other party who, on December 13, filed a motion to dismiss the appeal on the ground that it had been brought after the expiration of the term for the sole purpose of delaying the execution of the judgment, and that there had been negligence in its prosecution.

The appellant finally, on January 3 of this year, filed a brief in opposition to the dismissal which filled eight pages. Thirteen days thereafter both parties were heard in open court regarding their respective contentions.

The above statement sufficiently justifies the conclusion that the appellant was negligent in the prosecution of his appeal. He appealed on March 4, 1938, and he allowed almost five months to elapse before filing the record and after the filing thereof he began again to move for new extensions of time for filing the brief, which he did only after the lapse of five months, being urged to do so by the filing of a motion to dismiss.

We have examined the said brief and it does not at all justify the time taken for its presentation, not only by reason of its shortness but mainly because of the absence of issues requiring conscientious preparation or exposition. The conclusion that the appellant brought his appeal for the purpose of delaying the execution of the judgment is evident.

But there is more. A jurisdictional question has been raised which prevents this court from going into the merits of the appeal taken from the order refusing to open the default. Said order was made, as we know, on February 3, 1938, and notice thereof served on the following day, and it was not until March 4, 1938, that the appeal was taken. In *Melchior, Armstrong & Dessau* v. *M. Defendini & Co. et al.*, 29 P.R.R. 710, this court held:

"An appeal from an order refusing to open a default will be dismissed if the appeal was taken after the ten days allowed by subdivision 3 of section 295 of the Code of Civil Procedure within which to appeal from orders entered after judgment."

Nothing is said in this respect as to the appeal from the judgment, but it clearly appears from the record that the judgment having been notified on November 12, 1937, and no appeal therefrom having been taken until March 4, 1938, it was also brought after the expiration of the term.

Therefore, from any angle that the question may be viewed, the dismissal sought must be granted.

Mr. Justice De Jesús took no part in the decision of this case.